FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

CHRISTINA MATHEWS,

    Petitioner - Appellant,

v.

ABOUTANAA ELHABTE, MBCC
Warden,

    Respondent - Appellee.

No. 22-6031
(D.C. No. 5:21-CV-01023-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Christina Mathews, an Oklahoma prisoner, seeks a certificate of appealability

(COA) from the district court's order denying her 28 U.S.C. § 2254 petition as

untimely.  Mathews is proceeding pro se, so we construe her filings liberally.  *See,*

*e.g.*, *Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006).  We nonetheless

deny a COA and dismiss this matter.

## I.    BACKGROUND & PROCEDURAL HISTORY

In March 2018, Mathews variously pleaded guilty or no-contest in Tulsa

County District Court to child neglect and child sexual abuse charges.  The court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

immediately sentenced her to life with the possibility of parole. She did not appeal.

In July 2020, the Supreme Court decided *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). As is well known, *McGirt* held that Congress never disestablished the Muscogee (Creek) Reservation, so that portion of Oklahoma (including most of Tulsa) remains "Indian country." *See id.* at 2459–60. In consequence, jurisdiction to prosecute criminal offenses committed by Native Americans within the reservation rests with the tribe or with the federal government (depending on the crime), not with the state. *Id.* at 2460.

In May 2021, Mathews moved for postconviction relief in Tulsa County District Court. She argued that she is a member of the Cherokee tribe and her crimes were committed in Indian country, so the state never had jurisdiction to prosecute her. The state court denied her motion for multiple reasons, including that Mathews did not meet the federal definition of an "Indian" when she committed her crimes, and, in any event, *McGirt* does not retroactively invalidate convictions that became final before that decision. In October 2021, the Oklahoma Court of Criminal Appeals affirmed.

Later that month, Mathews filed the § 2254 petition now at issue, again arguing that Oklahoma lacked jurisdiction to prosecute her. This was Mathews's first § 2254 petition. The district court referred it to a magistrate judge for a report and recommendation.

The magistrate judge focused on the timeliness of the petition. Federal law requires that habeas petitions be filed within one year "from the latest of" several

2

possible events. 28 U.S.C. § 2244(d)(1). The magistrate judge concluded that the only applicable event was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," *id.* § 2244(d)(1)(A), and Mathews had not filed her petition within one year of that date. The magistrate judge also found that nothing had tolled the one-year window, nor could the court excuse her untimeliness under the actual-innocence doctrine because she was claiming only legal innocence. The magistrate judge accordingly recommended that the district court deny Mathews's petition. At the conclusion of the recommendation, the magistrate judge advised Mathews that she had fourteen days to file an objection or she would waive "the right to appellate review of both factual and legal issues contained herein." R. at 87.

Mathews filed a timely objection, raising a single argument. Specifically, she attacked the magistrate judge's purported conclusion "that [she] does not meet the definition of an 'Indian' as she was not enrolled in the Cherokee Nation at the time of her crime." R. at 88. As noted above, the state trial court relied on this conclusion (among others) to deny her postconviction motion. The magistrate judge, however, never questioned Mathews's Native American status.

Reviewing the objection, the district court noted that Mathews was attacking a conclusion the magistrate judge never made. But the district court went on to the merits and agreed with the magistrate judge that Mathews's petition was untimely.

## II.    ANALYSIS

This appeal may not proceed unless we grant a COA, *see* 28 U.S.C.

§ 2253(c)(1)(B), and we may deny a COA based on any procedural bar to habeas

relief evident in the record, including one the district court did not rely on, *see Davis*

*v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).  Such a bar exists here.

"[W]e have adopted a firm waiver rule when a party fails to object to the

findings and recommendations of the magistrate [judge]." *Moore v. United States*,

950 F.2d 656, 659 (10th Cir. 1991).  Such a party "waives appellate review of both

factual and legal questions." *Id.*[1]  What's more, "a party's objections to the

magistrate judge's report and recommendation must be both timely *and specific* to

preserve an issue for de novo review by the district court or for appellate review."

*United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis

added).  This means the objection must be "sufficiently specific to focus the district

court's attention on the factual and legal issues that are truly in dispute." *Id.*

Mathews's objection to the magistrate judge's recommendation failed to meet

this standard because she attacked a conclusion the magistrate judge never made.

The district court still reviewed the recommendation on the merits, but "a district

court's decision to review [a recommendation] *de novo*, despite the lack of an

appropriate objection, does not, standing alone, preclude application of the [firm]

---

[1] This rule does not apply "when the [report and recommendation] does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." *Id.*  But Mathews received the proper warning in this case.

waiver rule [on appeal]." *Vega v. Suthers*, 195 F.3d 573, 580 (10th Cir. 1999). We apply that rule here and, on that basis, deny a COA.[2]

## III.  CONCLUSION

We deny Mathews's application for a COA. We grant her motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] We can ignore the firm waiver rule "when the interests of justice so dictate," *Moore*, 950 F.2d at 659, but this is not that kind of case. Among other reasons, Mathews's only relevant attack on the district court's reasoning is her assertion that "[a] subject matter jurisdictional issue in Oklahoma is never waived[,] therefore it does not fall under [§ 2244's time constraints]." COA Appl. at 5; *see also id.* at 8 ("[T]he issue [*i.e.*, the state's jurisdiction to prosecute a crime] can never be waived in Oklahoma . . . ."). She offers no authority for this proposition. But even if we assume for argument's sake that Oklahoma state courts must always entertain an objection to their jurisdiction, no matter how lately brought, such a rule could not bind federal courts to perpetually consider the same objection. Thus, she has no argument that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling [that her petition was untimely]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).